**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL HARRIS**                                                                       **PLAINTIFF**

**V.**                                                                              **NO. 4:18-CV-248-DMB-JMV**

**THE KROGER CO., et al.**                                                      **DEFENDANTS**

**ORDER**

On August 12, 2019, Michael Harris' attorney filed a motion to withdraw as Harris' counsel. Doc. #27. On August 30, 2019, United States Magistrate Judge Jane M. Virden issued an order granting the motion on the condition that Harris' attorney file a certificate of service showing service of the order granting withdrawal on Harris at his last known mailing address. Doc. #30. In the same order, Judge Virden stayed this case until September 30, 2019, and ordered that "[b]efore the expiration of this date, either new counsel for Plaintiff shall file a notice of entry of appearance or Plaintiff shall notify the Court in writing of his intent to proceed *pro se*." *Id.* at 1. The order further warned that failure to comply with this directive "may result in dismissal of this case for failure to obey an order of the Court and/or failure to prosecute." *Id.* at 1–2. On September 4, 2019, Harris' former attorney mailed a copy of the order to Harris' last known address. Doc. #31.

On October 2, 2019, Judge Virden, noting that no attorney entered an appearance on Harris' behalf and that Harris had failed to notify the Court that he was proceeding pro se, lifted the stay and directed Harris to show cause in writing on or before October 16, 2019, why his claims should not be dismissed. Doc. #32. A copy of this order was mailed to Harris at his last known mailing address. To date, Harris has not responded to the order to show cause or otherwise complied with Judge Virden's August 30 order.

Under Federal Rule of Civil Procedure Rule 41(b), "a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016). To dismiss a claim with prejudice under Rule 41(b), there must be at least (1) "a clear record of delay or contumacious conduct by the plaintiff," and (2) a finding "that lesser sanctions would not prompt diligent prosecution" or a record showing "that the district court employed lesser sanctions that proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff[,] conditional dismissal, dismissal without prejudice, and explicit warnings." *In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) (citation omitted; internal quotation marks omitted). A court should employ lesser sanctions when they would "serve the best interests of justice." *Id*.

"Generally, where a plaintiff has failed only to comply with a few court orders or rules," there is no clear record of delay or contumacious conduct by the plaintiff. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992). Thus, Harris' conduct to date does not warrant a dismissal with prejudice. *See Morgan v. Americas Ins. Co.*, 759 F. App'x 255, 258 (5th Cir. 2019) ("Even if Morgan clearly violated both orders, more is required for a dismissal with prejudice."). Where, as here, a pro se plaintiff has clearly violated two court orders, courts have determined a proper sanction to be dismissal without prejudice. *See Grimaldo v. Aurora Loan Servs., LLC*, No. 3:12-cv-4158, 2013 WL 1187153, at *2 (N.D. Tex. Feb. 27, 2013) (collecting cases). However, standing alone, dismissal without prejudice is generally a "feeble" remedy. *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993). Thus, to properly serve the best interests of justice, a court may also consider a "conditional dismissal" *Lewis v. Sheriff's Dep't Bossier Parish*, 478 F. App'x 809, 818 (5th Cir. 2012) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 317

(5th Cir. 1982)); *see also* 9 FED. PRAC. & PROC. CIV. § 2372 (3d ed.) ("Conditions may be imposed on an order of involuntary dismissal.").

While Harris' conduct does not justify dismissal with prejudice, the Court concludes that Harris' clear violation of two court orders and ongoing refusal to come into compliance justifies a dismissal without prejudice.[1] The Court further concludes that the best interests of justice require the imposition of certain conditions to prevent prejudice to the defendant should the case be re-filed. Accordingly, this case is **DISMISSED without prejudice** with the conditions that (1) should Harris re-file this action against Kroger, any discovery in this case be usable in the subsequent action; and (2) upon re-filing, Kroger may seek from Harris its reasonable attorney's fees for work and resources expended in this litigation which cannot "be easily carried over" to the subsequent litigation.[2] A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 6th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal without prejudice is functionally with prejudice when re-filing the claim would be barred by the applicable statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Because Harris has asserted claims for negligence arising from an April 5, 2017, incident, the statute of limitations will not bar a subsequent action. *See Jenkins v. Pensacola Health Tr., Inc.*, 933 So. 2d 923, 926 (Miss. 2006) (Mississippi has three-year statute of limitations for negligence claims).

[2] *See Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987) (district court abused its discretion in conditioning dismissal on payment of subsequent fees where work would "be easily carried over to litigation").